IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 CR 70-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MATTHEW D. MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#29) filed by the United States Probation Office on December 5, 2014 alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a bill of information filed on August 14, 2014 with one count of presenting a false claim to the United States Department of

1

Veterans Affairs, in violation of 18 U.S.C. § 287.  A hearing was held in regard to the detention of Defendant on November 24, 2014 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond.  The undersigned further set conditions of release which included the following:

> (1)   The defendant must not violate any federal, state or local law while on release.
>
> (8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

After the release of Defendant, a test for the use of a controlled substance was administered upon Defendant on November 24, 2014 and Defendant tested positive for use of cocaine.  On December 2, 2014, Defendant admitted he had used cocaine on November 22, 2014, that being two days before the undersigned set terms and conditions of release.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)   finds that there is----
>    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>    (B) clear and convincing evidence that the person has violated any

    other condition of release; and
(2)    finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal or state crime while on release. The Defendant possessed cocaine so he could use that substance. The possession of cocaine is a felony under state law. N.C.G.S. § 90-95(a)(3) The possession of cocaine is a felony under federal law. 21 U.S.C. § 841.

Due to the fact there is probable cause to believe that Defendant has committed a state or federal felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required that he refrain from use or unlawful

3

possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner. Cocaine is a drug which is not prescribed by any licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created, and also considering the factors as set forth under 18 U.S.C. § 3142(g) it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: January 7, 2015

Dennis L. Howell
United States Magistrate Judge